United States District Court
Southern District of Texas
**ENTERED**
February 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHYSICIANS ACO, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1293 |
| § | |
| COMPUTER SCIENCES CORPORATION, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court is Defendants' Motion to Dismiss (Document No. 12), Plaintiff's Response (Document No. 13), and Defendants' Reply (Document No. 14). Having considered these filings and the applicable law, the Court concludes that Defendants' Motion (Document No. 12) should be granted.

**Background**

Plaintiff Physicians ACO, LLC ("PACO") is a Texas LLC formed as an accountable care organization. (Document No. 9 at 2). PACO had a Medicare Shared Savings contract with the Center of Medicare and Medicaid Services ("CMS") from 2012-2015. *Id*. Pursuant to the contract between PACO and CMS, PACO would be eligible to share in CMS's deemed savings, in exchange for providing "elements of care coordination and case management." *Id*. at 3-4. As part of this agreement, CMS imposed various reporting requirements on PACO. *Id*. These reports were to be filed via a web portal called the "GPRO Portal," which was designed and managed by Defendant Computer Sciences Corporation ("CSC").[1] *Id*. at 2-4. PACO alleges that, due to the malfunction of the GPRO Portal, it was unable to timely file its reports. *Id*. at 9. As a result,

---

[1] Plaintiff alleges that Defendant CRSA was created via CSC's divesture of its public contracting unit, and therefore may be jointly liable for CSC's actions. (Document No. 9 at 3).

CMS denied its portion of shared savings. *Id*. Therefore PACO has filed a variety of claims against CSC.

First, PACO alleges breach of contract. *Id*. at 10. Although CMS contracted with CSC to create the GPRO Portal, PACO alleges that it was an intended beneficiary of that contract, and that CSC breached the contract by failing to design a functioning GPRO Portal. *Id*. Second, PACO alleges negligence in the design and operation of the GPRO Portal. *Id*. at 11-12. Third, PACO alleges that CSC made a negligent misrepresentation when it confirmed to CMS that the "GPRO Portal, staffing, and maintenance were adequate," and when it reported to CMS that the GPRO Portal had properly functioned on the day that PACO missed its deadline. *Id*. at 12. Fourth, PACO also alleges that CSC committed fraud via these representations. *Id*. at 13. Defendants have filed a Motion to Dismiss each of these claims under Rule 12(b)(6) and Rule 9(b).[2] (Document No. 12).

**Standard of Review**

When a district court reviews a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678

---

[2] The Court does not need to discuss Rule 9(b), as all of Plaintiff's claims can be dismissed for failure to allege an essential element under Rule 12(b)(6).

(2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 544.

**Discussion**

Breach of Contract

As an initial matter, both parties agree that federal common law applies to this issue, because the contract between CMS and CSC was a government contract. *Excel Willowbrook, L.L.C. v. JP Morgan Chase Bank, Nat. Ass'n*, 758 F.3d 592, 598 n.6 (5th Cir. 2014) ("It is well-established that government contracts are governed by federal common law.") (citing *Clem Perrin Marine Towing, Inc. v. Panama Canal Co.,* 730 F.2d 186, 189 (5th Cir. 1984)). "Federal common law prohibits any person except a party or an *intended* third party beneficiary from claiming legal rights under a contract. Thus, to sue as a third party beneficiary to a contract, a person must show it was the express or implied intent of the parties to contract for its benefit." *Skillman-Eastridge, Ltd. v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:09-CV-01988-M, 2011 WL 4528391, at *4 (N.D. Tex. Sept. 29, 2011) (citations omitted). Therefore the Court will examine the intent of the parties and the terms of the contract to determine whether a plaintiff is an intended third-party beneficiary. *Bowhead Info. Tech. Servs., LLC. v. Catapult Tech. Ltd.*, 377 F. Supp. 2d 166, 171 (D.D.C. 2005) (citations omitted). To be a third-party beneficiary a plaintiff "need not be named in a contract," but "the parties to a contract must 'directly and unequivocally intend to benefit a third-party in order for that third-party to be considered an intended

beneficiary.' The parties' mere knowledge or awareness that a contract may benefit a third-party is insufficient, without more, to demonstrate an intent to confer a benefit on the third-party." *Id*. "Third party beneficiary status is rarely granted under federal common law, but is granted even less frequently when the contract at issue involves a government entity, as parties who benefit from government contracts 'are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary.'" *Skillman-Eastridge*, 2011 WL 4528391, at *4. *See also GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) (presumption is that third parties to a government contract are merely incidental beneficiaries).

Defendants argue that PACO cannot state a claim for breach of contract, because PACO was not a party to the contract between CMS and CSC, nor was PACO a third-party beneficiary to it. (Document No. 12 at 12). PACO does not specifically claim to be a party to the contract,[3] but PACO does make allegations suggesting that it believes it has standing to enforce the contract as third-party beneficiary: "By reason of its contract with CMS Defendant for profit voluntarily undertook to provide for PACO's benefit … a GPRO Portal that was sufficiently robust to accommodate data sets from each ACO on the day of the deadline." (Document No. 9 at 7). PACO also alleges that "Defendant … was aware that PACO was among the intended

---

[3] PACO does suggest that CMS may have delegated part of its contractual duties to CSC:
> CMS by requiring its entire first flight of ACOs to report their quality measures through the GPRO Portal by March 21, 2014 undertook the duty to its contracting parties, including PACO, to obtain for their benefit a workable reporting GPRO Portal and system sufficiently robust and with adequate bandwidth to permit successful reporting by the deadline. CMS delegated this obligation contractually to Defendant to design, build, implement and maintain a suitable GPRO Portal.

(Document No. 9 at 7). Therefore it would appear that, in addition to arguing that it is a third-party beneficiary, PACO is also attempting to hold CSC liable under PACO's contract with CMS, because CMS delegated some of those duties. This theory fails. *Bernard Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 369 (Tex.App.—Austin 1982, writ ref'd n.r.e.) ("As a general rule, a suit for breach of contract may not be maintained against a person who is not a party to the contract, particularly a non-party who is assigned duties by the terms of the contract.") (citations omitted). The Court may use this Texas law to inform the general principles of federal common law. *See Skillman-Eastridge, Ltd. v. JPMorgan Chase Bank, Nat. Ass'n*, No. 3:09-CV-01988-M, 2011 WL 4528391, at *4 n.45 (N.D. Tex. Sept. 29, 2011) (citation omitted).

beneficiaries of CMS' contract with it for implementation and use of the GPRO Portal." *Id*. at 10. The Court agrees with Defendants that these allegations are insufficient to allege that PACO was an intended third-party beneficiary to the contract. Neither statement suggests that CMS and CSC "directly and unequivocally" intended to benefit PACO; the allegations merely state that CSC was aware that PACO would be using the GPRO Portal. As described above, this awareness is not sufficient to suggest third-party beneficiary status, especially considering the high bar to such status in government contracts, and the presumption that PACO is only an incidental beneficiary. Therefore the Court finds that the allegations in the Amended Complaint do not plausibly state a claim for relief against CSC, and should be dismissed.

Negligence

In its negligence claim, PACO states that "Defendant undertook contractually, and as a result had a duty to take due care and to exercise good and workmanlike performance to properly design and maintain the GPRO Portal" and "CSC undertook contractually, and as a result had a duty of due care, to properly maintain the GPRO Portal particularly during periods of its most acute stress – the day of reporting deadline, March 21, 2014." (Document No. 9 at 11-12). However, as discussed above, PACO is not a third-party beneficiary to the contract, and therefore cannot enforce any standard of care owed to CMS under the contract. Without a proper allegation that CSC owed it a duty of care, PACO cannot establish a negligence claim. *McLaurin v. Waffle House, Inc.*, 178 F. Supp. 3d 536, 563 (S.D. Tex. 2016) ("To establish negligence, a party must produce evidence that (1) another party owed it a legal duty, (2) the other party breached that duty, and (3) damages were proximately caused by that breach.") (citation omitted). Therefore the Court will dismiss the negligence claim. *Rios v. City of Del Rio, Texas*, 444 F.3d 417, 421 (5th Cir. 2006) ("Dismissal is proper if the complaint lacks an allegation

regarding a required element necessary to obtain relief . . . .").

Fraud and Negligent Misrepresentation

The statements alleged to be negligent misrepresentations are: (1) CSC's representation to CMS that the "GPRO Portal, staffing and maintenance were adequate" and (2) CSC's representation to CMS "that the GPRO Portal had properly functioned." (Document No. 9 at 12). PACO alleges that these same statements also constituted fraud. *Id*. at 13. Defendants argue that these allegations fail to state a claim for relief on either cause of action, because "neither claim alleges that PACO actually or justifiably relied on any statement by CSC." (Document No. 12 at 15).[4]

"The four elements of negligent misrepresentation are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies 'false information' for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Tukua Investments, LLC v. Spenst*, 413 S.W.3d 786, 802 (Tex. App.-El Paso 2013, pet. denied). "In order to recover under a theory of fraud, a plaintiff must show: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and suffered harm as a result."

---

[4] Defendants also include discussion of indirect misrepresentation claims, which occur (as in this case) where a defendant (CSC) makes a misrepresentation to one party (CMS), and a third party (PACO) receives and relies on the misrepresentation. Even in these types of claims, though, the plaintiff must allege that it actually received and relied upon the misrepresentation. *Admiral Ins. Co. v. Heath Holdings USA, Inc.*, No. CIV.A. 3:03-CV-1634G, 2004 WL 1144062, at *4 (N.D. Tex. May 21, 2004). Plaintiff has not done so here. In addition, where the alleged misrepresentation was indirect, PACO must also allege that CSC intended that PACO receive and rely upon its representations. *Id*. However, PACO does not have any such allegation in its Amended Complaint. For this additional reason, PACO's claims fail.

*Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 161 (Tex. App.-Houston [14th Dist.] 2002, pet. denied) (citation omitted). Both of these causes of action require that the plaintiff *relied on* the statement made by the defendant,[5] but nowhere in the Amended Complaint does PACO allege that it relied on CSC's statements. In fact, PACO does not even allege when it became aware of these statements; without knowledge of the statements it would be impossible for PACO to rely upon them. Therefore PACO has failed to allege an essential element of these claims, as required by Rule 12(b)(6), and dismissal is proper. *Rios*, 444 F.3d at 421.

**Conclusion**

For the foregoing reasons, the Court hereby

ORDERS that Defendants' Motion to Dismiss (Document No. 12) is GRANTED.

SIGNED at Houston, Texas, this 16th day of February, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[5] The cases cited by Plaintiff in its Response do not dispute this proposition, as none cite to Texas law.