United States District Court
Southern District of Texas
**ENTERED**
July 27, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PHYSICIANS ACO, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:16-CV-1293 |
| | § | |
| COMPUTER SCIENCES CORPORATION, *et* | § | |
| *al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER AND OPINION

Pending before the Court is Plaintiff Physician ACO, LLC's ("PACO") Motion for Reconsideration. (Document No. 23). Defendants Computer Sciences Corporation and CSRA Inc. (collectively "Defendants") have filed a Response. (Document No. 24). Having considered these filings and the applicable law, the Court concludes that Plaintiff's Motion (Document No. 23) is denied.

Background

This Court previously dismissed Plaintiff's claims of breach of contract, negligence, negligent misrepresentation, and fraud. (*See* Document No. 22). Plaintiff now presents arguments that the Court incorrectly dismissed its breach of contract, negligent misrepresentation, and fraud claims, but does not dispute the Court's dismissal of its negligence claim. (Document No. 23).[1]

Standard of Review

Plaintiff filed its Motion for Reconsideration under Rule 59(e). "To prevail on a Rule 59(e) motion, the movant must show at least one of the following: 1) an intervening change in controlling law; 2) new evidence not previously available; 3) the need to correct a clear or

---

[1] Please refer to the previous opinion for a discussion of the facts. (Document No. 22).

manifest error of law or fact or to prevent manifest injustice." *United States v. Saldivar*, No. 2:03-CR-182-2, 2014 WL 357313, at *1 (S.D. Tex. Jan. 31, 2014). Relief under this Rule is considered to be extraordinary and "should be used sparingly." *Templet v. HydroChem Inc.,* 367 F.3d 473, 479 (5th Cir. 2004) (citations omitted).

Discussion

*Breach of Contract*

The Court previously explained that PACO did not state a claim for breach of contract, because it did not sufficiently allege that it was an intended third-party beneficiary to the contract. (Document No. 22 at 4-5). The Court stated that:

> PACO does not specifically claim to be a party to the contract, but PACO does make allegations suggesting that it believes it has standing to enforce the contract as third-party beneficiary: "By reason of its contract with CMS Defendant for profit voluntarily undertook to provide for PACO's benefit … a GPRO Portal that was sufficiently robust to accommodate data sets from each ACO on the day of the deadline." (Document No. 9 at 7). PACO also alleges that "Defendant … was aware that PACO was among the intended beneficiaries of CMS' contract with it for implementation and use of the GPRO Portal." *Id*. at 10. The Court agrees with Defendants that these allegations are insufficient to allege that PACO was an intended third-party beneficiary to the contract. Neither statement suggests that CMS and CSC "directly and unequivocally" intended to benefit PACO; the allegations merely state that CSC was aware that PACO would be using the GPRO Portal. As described above, this awareness is not sufficient to suggest third-party beneficiary status, especially considering the high bar to such status in government contracts, and the presumption that PACO is only an incidental beneficiary. Therefore the Court finds that the allegations in the Amended Complaint do not plausibly state a claim for relief against CSC, and should be dismissed.

*Id*. In its Motion for Reconsideration PACO again advances its theory that it was a third-party beneficiary to the contract, because "Plaintiffs alleged themselves to be in that select class, and beneficiaries of the procurement contract between Center for Medicare and Medicaid Services (CMS) and Defendants to provide the interactive GPRO Portal intended specifically for their use as one of the first cohort of Accountable Care Organizations charged by CMS to use the GPRO Portal to timely lodge required reports with CMS." (Document No. 23 at 4). This argument fails

because it does not point to any portion of PACO's First Amended Complaint which sufficiently alleges that the contract "directly and unequivocally" intended to benefit PACO. Instead, it relies only on Defendants' awareness that PACO would use the GPRO Portal. The Court already explained that this awareness was not sufficient; PACO's attempts to rehash this argument fail.

> Plaintiff then argues that:

> On its third-party beneficiary claims, if Texas law were applicable, the Court may dispose of them summarily only, *after evidence* to evaluate the intention of the parties to the contract. For under Texas law, the fact that a plaintiff entity is not a named or called a beneficiary to the contract is not determinative of whether it is an intended beneficiary of the contract entitled to damages for its non-performance. Rather it is a fact based inquiry. *Basic Capital Mgmt., Inc. v. Dynex Commercial, Inc.*, 348 S.W.3d 894 (Tex. 2011).

*Id*. at 4-5. This argument fails for several reasons. First, the Court already explained that federal common law governs the contract, and Texas law can only "inform the general principles of federal common law." (Document No. 22 at 3-4). Moreover, Plaintiff does not cite any case, based on either Texas or federal law, which states that discovery is always required to determine the intent to benefit a third party. Therefore Plaintiff's claim is both inapposite and unsupported. Second, while it is true that a third-party beneficiary need not be named in a contract, the Court did not base its decision on the fact that PACO was not named in the contract. The Court's decision was based on PACO's failure to allege that the contract was "directly and unequivocally" intended to benefit PACO. Finally, PACO's claim that the determination of a party's status as a third party beneficiary is a "fact based inquiry" misstates the law in *Dynex Commercial*. In that case the court explained that, when a contract is unambiguous, a party's status as a third party beneficiary is a matter of law. 348 S.W.3d at 901. For all of these reasons, Plaintiff's arguments fail.

*Negligent Misrepresentation/Fraud*

> The Court previously explained that:

> The statements alleged to be negligent misrepresentations are: (1) CSC's representation to CMS that the "GPRO Portal, staffing and maintenance were adequate" and (2) CSC's representation to CMS "that the GPRO Portal had properly functioned." (Document No. 9 at 12). PACO alleges that these same statements also constituted fraud. *Id*. at 13. […] Both of these causes of action require that the plaintiff relied on the statement made by the defendant, but nowhere in the Amended Complaint does PACO allege that it relied on CSC's statements. In fact, PACO does not even allege when it became aware of these statements; without knowledge of the statements it would be impossible for PACO to rely upon them.

(Document No. 22 at 6-7). Nowhere in its Motion for Reconsideration does Plaintiff state that it relied on CSC's statements. In fact Plaintiff expressly states that "[i]t is not PACO that was misled but CMS, who relied upon Defendants [*sic*] false statements that the GPRO Portal worked on the day of the deadline." (Document No. 23 at 2). In some circumstances, though, a misrepresentation is not required to be made directly to a claimant; an indirect misrepresentation may be actionable under Texas law. In those cases "the plaintiff must allege that it actually received and relied upon the misrepresentation." (Document No. 22 at 6 n.4) (citing *Admiral Ins. Co. v. Heath Holdings USA, Inc.*, No. CIV.A. 3:03-CV-1634G, 2004 WL 1144062, at *4 (N.D. Tex. May 21, 2004)). Plaintiff's First Amended Complaint contains no such allegations, nor does Plaintiff's Motion for Reconsideration attempt to argue that Plaintiff received and relied upon CSC's statements. Therefore Plaintiff has not stated a claim for relief under Texas law.

Perhaps recognizing this, Plaintiff now argues for the first time that it "believe[s] the claim to be under Federal law of false statements to a federal office" and that "such a claim exists at common law." (Document No. 23 at 5). Plaintiff then cites federal law for the proposition that "[t]he direct foreseeable consequence of Defendants' false statements to CMS was to deprive Plaintiff of its entitled MSSP payment. This is sufficient proximate cause at common law." *Id*. at 5-6. The Court first notes that it is inappropriate for Plaintiff to raise this new argument in a motion for reconsideration. *Broyles v. Texas*, 643 F. Supp. 2d 894, 897 (S.D.

Tex. 2009) ("A motion to alter or amend the judgment under Rule 59(e) [...] cannot be used to raise arguments which could, and should, have been made before the judgment issued.") (citations and internal quotations omitted). However Plaintiff is correct that, according to *Bridge v. Phoenix Bond & Indemnity Co.*, "while it may be that first-party reliance is an element of a common-law fraud claim, there is no general common-law principle holding that a fraudulent misrepresentation can cause legal injury only to those who rely on it." 553 U.S. 639, 656 (2008) (discussing a RICO claim predicated on mail fraud). However, confusingly, Plaintiff has technically alleged claims of fraud and negligent misrepresentation. *Bridge* explicitly states that mere fraud claims *do* "require first-party reliance," and offers no opinion on the reliance required in a negligent misrepresentation claim. *Id*. Therefore *Bridge* is not helpful to the causes of action which Plaintiff has alleged, and Plaintiff's arguments fail. However, recognizing that *Bridge* may allow for a fraudulent misrepresentation claim under federal law,[2] the Court will grant Plaintiff 30 days to amend its complaint.

Conclusion

      For the reasons stated above the Court hereby

      ORDERS that Plaintiff's Motion (Document No. 23) is DENIED. Plaintiff has 30 days from the entry of this order to amend its complaint.

      SIGNED at Houston, Texas, this 26th day of July, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2] The Court does not opine at this time as to whether Texas or federal law governs Plaintiff's claims, as neither party has meaningfully addressed this issue.