UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| PHYSICIANS ACO, LLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:16-CV-1293 |
| § | |
| COMPUTER SCIENCES CORPORATION, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## ORDER AND OPINION

Before the Court are Defendants' Motion to Dismiss Plaintiff's Third Amended Complaint (Document No. 31), Plaintiff's Response to Defendants' Motion to Dismiss (Document No. 32), and Defendants' Reply in Support of Their Motion to Dismiss (Document No. 33). After considering the pleadings and the applicable law, the Court concludes that Defendants' Motion to Dismiss should be GRANTED.

### BACKGROUND

Plaintiff Physicians ACO, LLC ("PACO") is a Texas LLC formed as an accountable care organization ("ACO"). Document No. 26 at 1. PACO had a Medicare Shared Savings contract with the Center of Medicare and Medicaid Services ("CMS") from 2012–2015. *Id*. at 2. Pursuant to the contract between PACO and CMS, PACO would be eligible to share in CMS's deemed savings, in exchange for providing "elements of care coordination and case management." *Id*. at 3–4. As part of this agreement, CMS imposed various reporting requirements on PACO. *Id*. These reports were to be filed via a web portal called the "GPRO Portal," which was designed and managed by Defendant Computer Sciences Corporation ("CSC").[1] *Id*. at 2–4. PACO alleges

---

[1] Plaintiff alleges that Defendant CRSA was created via CSC's divesture of its public contracting unit, and therefore may be jointly liable for CSC's actions. Document No. 26 at 1.

that, due to the malfunction of the GPRO Portal, it was unable to timely file its reports. *Id*. at 9. As a result, CMS denied its portion of shared savings. *Id*. Therefore, PACO filed a variety of claims against CSC.

In its First Amended Complaint, PACO alleged breach of contract; negligence in the design and operation of the GPRO Portal; negligent misrepresentation; and fraud. Document No. 9 at 10–13. Defendants filed a Motion to Dismiss each of those claims under Rule 12(b)(6) and Rule 9(b). Document No. 12. The Court granted that Motion to Dismiss, dismissed each claim under Rule 12(b)(6), and, after denying PACO's Motion for Reconsideration, gave PACO thirty days to amend its complaint. Document Nos. 22 & 25.

On August 24, 2017, PACO filed its Third Amended Complaint alleging that CSC made fraudulent misrepresentations to CMS about the functionality of the GPRO Portal, which PACO reasonably relied upon to its detriment. Document No. 26 at 9–10. In response, Defendants filed a Motion to Dismiss arguing that PACO's fraudulent misrepresentation claim should be dismissed under Rule 12(b)(6) and Rule 9(b). Document No. 31.

## STANDARD OF REVIEW

When a district court reviews a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it must construe the complaint in favor of the plaintiff and take all well-pleaded facts as true. *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citing *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Montoya v. FedEx*

*Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The plausibility standard is not akin to a "probability requirement," but asks for more than a "possibility that a defendant has acted unlawfully." *Twombly*, 550 U.S. at 556. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotations and citations omitted).

## DISCUSSION

### A. Applicable Law

As an initial matter, the Court must decide which law applies when assessing PACO's fraudulent misrepresentation claim. The parties dispute whether Texas or federal common law applies to PACO's claim. Courts will apply federal common law in only very limited circumstances. *See City of Milwaukee v. Illinois*, 451 U.S. 304, 313 (1981) (noting that courts should develop federal common law in only "a 'few and restricted' instances" (quoting *Wheeldin v. Wheeler*, 373 U.S. 647, 651 (1963))); *MCI Telecomms. Corp. v. Credit Builders of Am., Inc.*, 980 F.2d 1021, 1022 (5th Cir.), *cert. granted and judgment vacated*, 508 U.S. 957, *orig. opinion reinstated on remand*, 2 F.3d 103 (5th Cir), *cert. denied*, 510 U.S. 978 (1993) (noting that the Fifth Circuit prefers "to take a more cautious approach with respect to the recognition of federal common law"). "[A]bsent some congressional authorization to formulate substantive rules of decision, federal common law exists only in such narrow areas as those concerned with the rights and obligations of the United States, interstate and international disputes implicating the conflicting rights of States or our relations with foreign nations, and admiralty cases." *Tex. Indus., Inc. v. Radcliff Materials, Inc.*, 451 U.S. 630, 641 (1981). "In suits between private

parties, federal common law exists in the narrow class of cases where federal rules are necessary to protect uniquely federal interests which the application of state law would frustrate." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 923 (5th Cir. 1997). For a court to apply federal common law two elements must be present: (1) a "uniquely federal interest" is involved in the case and (2) "a 'significant conflict' exists between an identifiable 'federal policy or interest and the [operation] of state law.'" *Boyle v. United Techs. Corp.*, 487 U.S. 500, 507 (1988) (alteration in original) (quoting *Wallis v. Pan Am. Petroleum Corp.*, 384 U.S. 63, 86 (1966)). It is not enough that a uniquely federal interest exists in the case; "[t]hat merely establishes a necessary, not a sufficient, condition for the displacement of state law." *Id.*

This case involves a uniquely federal interest because this case involves CSC's obligations under its contract with CMS, a governmental entity. *See id.* at 505–06 (noting that "the civil liabilities arising out of the performance of federal procurement contracts" involve uniquely federal interests). However, to apply federal common law, there must also be a significant conflict between a federal policy or interest and the state law. *Id.* at 507. The Court holds that no such conflict exists.

In reaching its decision, the Court found the United States Supreme Court's decision in *Miree v. DeKalb County*, 433 U.S. 25 (1977), particularly informative. In *Miree*, the Supreme Court held that federal common law did not apply to a dispute between private citizens and a county over the breach of a federal contract. *Id.* at 32–33. The citizens sued the county after they were injured in an airplane crash, alleging that the county had violated its contract with the Federal Aviation Administration to restrict land use in the area surrounding the airport. *Id.* at 27. The Supreme Court held that "any federal interest in the outcome . . . 'is far too speculative, far too remote a possibility to justify the application of federal law.'" *Id.* at 32–33 (quoting *Am.*

*Nat'l Trust & Sav. Ass'n v. Parnell*, 352 U.S. 29, 33–34 (1956)). As the Supreme Court later recognized in *Boyle*, the plaintiffs in *Miree* were not seeking to impose a duty contrary to the duty under the government contract upon the government contractor, the plaintiffs were attempting to *enforce* the contractor's duty under the government contract. *Boyle*, 487 U.S. at 508–09.

This Court concludes that this case presents a very similar scenario. Here, PACO is attempting to obtain relief from Defendants for alleged misrepresentations Defendants made to CMS that harmed PACO. The government does not have an interest in whether PACO or Defendants are successful. Additionally, there is no reason to conclude that CMS's operations would be harmed by "variant state-law interpretations" regarding whether a third party can sue Defendants over alleged misrepresentations made to CMS. *Miree*, 433 U.S. at 30. "The question of whether [PACO] may sue [Defendants] does not require decision under federal common law since the litigation is among private parties and no substantial rights or duties of the United States hinge on its outcome." *Id.* at 31. Accordingly, the Court holds that state common law applies in this case.

The Court must next determine which state's law applies. "Courts 'apply the law of the forum state to determine which state's law applies.'" *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 815 (5th Cir. 2017) (quoting *Mumblow v. Monroe Broad., Inc.*, 401 F.3d 616, 620 (5th Cir. 2005)). Texas uses the "most significant relationship" test, under which Texas courts consider several factors including: "(1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred; (3) the residence, nationality, and place of business of the parties; and (4) the place where the relationship, if any, between the parties is centered." *In re ENSCO Offshore Int'l Co.*, 311 S.W.3d 921, 928 (Tex. 2010). Here, the factors point to the

application of Texas common law. PACO is located in Texas and allegedly suffered from the GPRO Portal's failure in Texas. No other jurisdiction has a more significant connection to this case than Texas and neither party claims that any other state's laws should apply, so the Court will apply Texas law to this case.

### B. Federal Rule of Civil Procedure 9(b)

Under Federal Rule of Civil Procedure 9(b), PACO "must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "Pleading fraud with particularity in this circuit requires 'time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [that person] obtained thereby.'" *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (alteration in original) (quoting *Tuchman v. DSC Commc'ns. Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).

#### i. PACO Does Not Qualify For an Exception to Rule 9(b)

PACO argues that it is entitled to relaxed pleading standards because it was not a party to the contract between CMS and CSC and therefore does not have access to all the information required to adequately plead under Rule 9(b). Document No. 32 at 7. "It is possible that the pleading requirements of Rule 9(b) may be relaxed in certain circumstances—when, for instance, the facts relating to the fraud are 'peculiarly within the perpetrator's knowledge.'" *United States ex rel. Doe v. Dow Chem. Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (quoting *United States ex rel. Russell v. Epic Healthcare Mgmt. Grp.*, 193 F.3d 304, 308 (5th Cir. 1999), *abrogated on other grounds by United States ex rel. Eisenstein v. City of New York*, 556 U.S. 928, 931 (2009)). Where a party other than the alleged perpetrator has access to the information, however, the exception to Rule 9(b)'s pleading requirement does not apply. *See United States ex rel. Gage v. Davis S.R. Aviation, L.L.C.*, 623 F. App'x 622, 627 (5th Cir. 2015) (holding that "relaxation is

not warranted" where "[t]he contract is not peculiarly within [defendant's] knowledge because the USAF, as [defendant's] counterparty, presumably also has knowledge of the contract"); *United States ex rel. Rafizadeh v. Cont'l Common, Inc.*, 553 F.3d 869, 873 n.6 (5th Cir. 2008) ("We will not exempt a plaintiff from Rule 9(b) requirements, however, where the documents containing the requisite information are in the possession of, and presumably available from, other sources. . . . The United States and the Departments possess the documents pertinent to [plaintiff's] claim, so the documents are obtainable, and a relaxation of the Rule 9(b) requirement is inappropriate."); *Russell*, 193 F.3d at 308 (holding that the relaxed standard did not apply where an entity other than defendants possessed the requisite information); *United States ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805, 820 (E.D. Tex. 2008) ("[Plaintiff's] argument that this information is possessed by a party *other* than [defendant] is a tacit admission that this relaxed exception does not fit." (emphasis in original)).

Here, Defendants are not the only parties to possess the requisite information. CMS is a party to the contract with Defendants and presumably has knowledge of the representations made in the contract. As a result, application of a relaxed standard under Rule 9(b) is inappropriate. *See Cont'l Common, Inc.*, 553 F.3d at 873 n.6; *Bristol-Myers Squibb Co.*, 587 F. Supp. 2d at 820.

ii. *Application of Rule 9(b)*

PACO was required to plead with particularity the "who, what, when, and where" of its fraud claim to meet the requirements of Rule 9(b). *Williams*, 112 F.3d at 178. but it has failed to do so. In its Third Amended Complaint, PACO generally alleges that government contractors are required to make certain representations to the government. Document No. 26 at 5–7. PACO alleges that Defendants made these representations to CMS without specifying when the representations were made, whether they were made in a written contract or via email, who at

CSC made these representations, or even that Defendants knew that the representations were false when they were allegedly made. *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir. 2010) (holding that plaintiff failed to meet the pleading requirements of Rule 9(b) because he failed to allege who at defendant company made the allegedly fraudulent statements or when or where they occurred); *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 F. App'x 662, 668 (5th Cir. 2004) (holding that plaintiff's complaint did not satisfy Rule 9(b) because plaintiff's allegation that defendant made false statements during negotiations "for the purpose of inducing someone to enter into a contract with him—without any additional factual support—does not allege the particular time and place of the false representations, nor does it set forth any 'specific facts' to support the inference of fraud"); *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 385 (5th Cir. 2003) (affirming the district court's dismissal of plaintiff's fraud complaint where plaintiff did not "allege who was involved in the negotiations, or where or when the negotiations took place, or that he [had] any basis for his allegation").

PACO has further failed to adequately plead intent as required. While Rule 9(b) "relaxes the particularity requirement for conditions of the mind, such as scienter," which may be averred generally, "pleading scienter requires more than a simple allegation that a defendant had fraudulent intent. To plead scienter adequately, a plaintiff must set forth specific facts that support an inference of fraud." *Tuchman*, 14 F.3d at 1068.

PACO's Third Amended Complaint does not even come close to sufficiently pleading intent. In the Complaint, PACO alleges that Defendants made all sorts of representations about the functionality of the GPRO Portal, but the closest PACO gets to alleging fraudulent intent is by pleading:

> (1) "These representations by Defendants were false." Document No. 26 at 10.
> (2) "As discussed, the GPRO web portal was not operational as represented by Defendants and failed to operate as represented when it failed to accept PACO's GPRO data on March 21, 2014." Document No. 26 at 10.
> (3) "These false statements are material in that they deal directly with the task Defendants were contracted to perform by CMS . . . ." Document No. 26 at 10.
> (4) "Defendants knew at the time that these representations were made that the GPRO web portal would not operate as represented to CMS. Defendants further made these representations with the intent to deceive CMS in order to procure the lucrative government contract it procured for the operation, construction, and maintenance of the GPRO web portal." Document No. 26 at 11.

In its Response to Defendants' Motion to Dismiss, PACO further asserts that this Court can infer that Defendants possessed the requisite intent from PACO's pleadings that Defendants were required to make certain representations and those representations later turned out to be false. Document No. 32 at 11–12. "Generally, there is no inference of fraudulent intent not to perform from the mere fact that a promise made is subsequently not performed." *United States v. Shah*, 44 F.3d 285, 293 n.14 (5th Cir. 1995) (internal quotations and citations omitted). PACO must plead specific facts that support an inference of fraudulent intent. "These specific facts must 'make it reasonable to believe that defendant knew that a statement was materially false or misleading.'" *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 895–96 (S.D. Tex. 2001) (quoting *Tuchman*, 14 F.3d at 1068).

Defendants argue that PACO's allegations contained in number (4) listed above are inadequate to satisfy Rule 9(b) because the allegations are not supported by any specific facts. Document No. 31 at 19–20. The Court agrees. PACO does not allege any specific facts to support its allegation that Defendants knew at the time the representations were allegedly made that those representations were false. "[C]ase law amply demonstrates that pleading scienter requires more than a simple allegation that a defendant had fraudulent intent." *Tuchman*, 14 F.3d at 1068; *see also Am. Realty Trust, Inc.*, 115 F. App'x at 668 (holding that plaintiffs' allegation that defendant made false statements "for the sole purpose of inducing [plaintiffs] into signing a

contract with him and his company"—without any additional factual support—was insufficient to satisfy Rule 9(b) because it did not "set forth any 'specific facts' to support the inference of fraud"); *Melder v. Morris*, 27 F.3d 1097, 1102 (5th Cir. 1994) ("Although Rule 9(b) expressly allows scienter to be 'averred generally', simple allegations that defendants possess fraudulent intent will not satisfy Rule 9(b)."); *Kelly Law Firm, P.C. v. An Attorney for You*, 679 F. Supp. 2d 755, 773 (S.D. Tex. 2009) ("[T]he allegations claim that [defendant] had knowledge of its inability to fulfill its obligations and of the falseness of its representations, but fail to provide specific facts that would make it reasonable to conclude that [defendant] had such knowledge."); *7-Eleven Inc. v. Puerto Rico-7 Inc.*, No. 3:08-cv-00140-B, 2008 WL 4951502, at *5 (N.D. Tex. Nov. 19, 2008) (holding that the defendants merely made conclusory statements regarding scienter, "such as 'SEI knew that both its representations and the representations made by PRSI around and during the time of the sale were false,'" which were insufficient to satisfy the Rule 9(b) pleading requirements). PACO's allegations are not enough to satisfy Rule 9(b)'s pleading requirements; therefore its fraudulent misrepresentation claim must be dismissed.

C. Federal Rule of Civil Procedure 12(b)(6)

PACO has further failed to state a claim upon which relief can be granted and its claim must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(6). A plaintiff asserting a claim for fraudulent misrepresentation must plead the following elements:

> (1) a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the plaintiff act upon it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff thereby suffered injury.

*Cent. Petoleum Ltd. v. Geoscience Res. Recovery, LLC*, No. 14-16-00933, 2017 WL 6374694, at *13 (Tex. App.—Houston [14th Dist.] Dec. 14, 2017) (citing *Italian Cowboy Partners, Ltd. v.*

*Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011)); *accord Norman v. Apache Corp.*, 19 F.3d 1017, 1022 (5th Cir. 1994). To successfully plead the fourth element of a fraudulent misrepresentation claim, PACO must allege that Defendants "made the [mis]representation with the intent that [PACO] act upon it." *Cent. Petoleum Ltd.*, 2017 WL 6374694, at *13. Under Texas law,

> [o]ne who makes a fraudulent misrepresentation may be liable to a third person, to whom the misrepresentation was not directly made, if the person making the misrepresentation had intent or knowledge that it should be exhibited or repeated to a third person and intended or had reason to expect the third person would act or refrain from acting in reliance upon the misrepresentation.

*Burroughs v. APS Int'l, Ltd.*, 93 S.W.3d 155, 162 (Tex. App.—Houston [14th Dist.] 2002) (citing *Ernst & Young, L.L.C. v. Pac. Mut. Life Ins. Co.*, 51 S.W.3d 573, 578 (Tex. 2001)).

Here, PACO pleads that it was a "foreseeable user" or "customer" but fails to plead that Defendants intended PACO, or others using the GPRO Portal, to rely on the alleged misrepresentations. Document No. 26 at 3, 6, 10. Because PACO is a third party to the alleged misrepresentations, it was required to plead that Defendants intended to influence PACO's actions through the misrepresentations. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 219 (Tex. 2011) ("Even the obvious risk that a misrepresentation might be repeated to a third party is not sufficient to satisfy the reason-to-expect standard. . . . The standard is not met if a defendant merely foresees that some party may rely on statements made in a public filing."); *Ernst & Young*, 51 S.W.3d at 578 ("Thus, we have held that a misrepresentation made through an intermediary is actionable if it is intended to influence a third person's conduct."); *Gainesville Nat'l Bank v. Bamberger*, 13 S.W. 959, 960–61 (Tex. 1890) ("[I]t is sound doctrine that a third person, to whom [false representations] were not directly made, can maintain an action of deceit, . . . if it appear[s] that the defendant's false representations were made with a direct intent that he should act upon them in the manner which occasioned the injury."); *Syrian Am. Oil*

*Corp., S.A. v. Pecten Orient Co.*, 524 S.W.3d 350, 365 (Tex. App.—Houston [1st Dist.] 2017) ("In the context of third parties who seek to rely on the misrepresentation, this standard of intent 'requires a degree of certainty that goes beyond mere foreseeability.'" (quoting *Ernst & Young*, 51 S.W.3d at 578)). PACO fails to plead this element and thus it fails to state a plausible claim for relief against Defendants.[2]

### D. *PACO's Motion for Limited Discovery*

In its Response to Defendants' Motion to Dismiss, PACO requests that the Court permit it to conduct limited discovery to gather the facts necessary to plead its case. Document No. 32 at 23. "Directly put [under Rule 9(b)], the who, what, when, and where must be laid out *before* access to the discovery process is granted." *Williams*, 112 F.3d at 178 (emphasis in original). "[T]his heightened pleading standard provides defendants with fair notice of the plaintiffs' claims, protects defendants from harm to their reputation and good will, reduces the number of strike suits, and prevents plaintiffs from filing baseless claims and then attempting to discover unknown wrongs." *Tuchman*, 14 F.3d at 1067 (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 521 (5th Cir. 1993)). Because PACO has failed to satisfy Rule 9(b), it cannot access discovery.

PACO does not present any support for its request for limited discovery, and this Court can find none. The pleading rules are the Court's gatekeepers and must be satisfied before parties may move forward with discovery. The Court sees no reason to go against long standing precedent and give PACO early access.

### E. *PACO's Motion to Amend*

PACO also requests the opportunity to amend its pleadings under Federal Rule of Civil Procedure 15(a) if the Court finds them deficient. Document No. 32 at 22–23. "A motion to

---

[2] Because the Court holds that PACO fails to correctly plead the elements of a fraudulent misrepresentation claim, it does not reach the question of whether the economic loss rule applies in this case.

amend should be granted absent some justification for refusal." *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). However, "leave to amend properly may be denied when the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed and when amendments would be futile." *Willard*, 336 F.3d at 387 (citing *Foman*, 371 U.S. at 182).

PACO argues that it should be granted leave to amend its complaint because Defendants' arguments concerning its Third Amended Complaint are "merely form over substance." Document No. 32 at 22. As this Court has explained in great detail above, however, the deficiencies with PACO's Third Amended Complaint are not "form over substance." PACO has wholly failed adequately to plead any element of its fraudulent misrepresentation claim.

PACO further requests another opportunity to "provide with more clarity the reasons PACO, on information and belief, believes CSC has made the types of representations to CMS as alleged." Document No. 32 at 23. In addition to PACO not qualifying for the "information and belief" exception to the Rule 9(b) pleading requirements, as explained above, PACO is required to plead specific facts supporting its allegations. PACO simply has not done so here, and the Court is not convinced that PACO can do so. *See Patrick v. Wal-Mart, Inc.—Store No. 155*, 681 F.3d 614, 622–23 (5th Cir. 2012) (affirming district court's denial of leave to amend complaint where plaintiff "asked in her opposition to dismissal for an opportunity to 'state said facts with greater specificity'"); *Dow Chem. Co.*, 343 F.3d at 331 (affirming district court's denial of motion to amend complaint where plaintiff asked for leave to amend by "adding additional plaintiffs and facts as allowed by law").

PACO has had two opportunities to amend its complaint to present an adequate claim against Defendants. PACO argues that its Third Amended Complaint brings a new claim and

therefore it should be given the opportunity to replead. Document No. 32 at 23. PACO, however, brought a claim for fraud in its previous complaint and knows the elements. *See* Document No. 22 at 6–7 (addressing PACO's fraud claim). The Court sees no reason why PACO should get a third opportunity. *See Patrick*, 681 F.3d at 622 ("A plaintiff is entitled only to one amendment as of right; further opportunities are committed to the sound discretion of the trial court."); *Willard*, 336 F.3d at 387 (holding that a court may deny a motion to amend where "the party seeking leave has repeatedly failed to cure deficiencies by amendments previously allowed")

## Conclusion

As explained in more detail above, PACO has failed to satisfy the pleading requirements of Rule 9(b) or to state a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, it is hereby

ORDERED that Defendants' Motion to Dismiss PACO's Third Amended Complaint (Document No. 31) is GRANTED and PACO's Motion to Amend and Motion for Limited Discovery are DENIED. It is further

ORDERED that this case is DISMISSED WITH PREJUDICE.

SIGNED at Houston, Texas, this 5th day of March, 2018.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE